Dwinel *v.* Perley.

---

DWINEL *versus* PERLEY.

In equity proceedings under the Act of April 9, 1852, no questions of law, not arising out of the facts found by the Judge at *Nisi Prius*, can be raised or entertained by the court of law.

When the respondent is attempting to enforce the rights of an owner of the land in controversy, he may be required to release all his claims thereto, although he may have previously conveyed the same to a third person.

In cases under this Act, the *facts* found by the presiding Judge are conclusive and cannot afterwards be changed by a report of the evidence from which they are drawn.

If the *conclusions* of the presiding Judge upon the cause before him, are to be controverted in the court of law, it can only be done by reporting the *facts*, not the testimony tending to prove them.

If the *conclusions* of the presiding Judge upon the cause before him, are to be controverted in the court of law, it can only be done by reporting the *facts*, not the testimony tending to prove them.

BILL IN EQUITY against Joseph Perley. The material parts of the bill are recited in the opinion of the Court. The prayer of the bill was for a conveyance of the premises, and also for an injunction against respondent's further prosecuting a suit for one portion of the premises, and a writ of possession for another portion.

The injunction was granted at the filing of the bill in Dec. 1846, and thus remained till the final hearing before HATHAWAY, J., April term, 1854.

At that hearing, the presiding Judge decided, that the fraud alleged was proved, that the property in controversy belonged to the plaintiff, and adjudged that the prayer of the bill should be granted.

The objections made to this decision will also be found in the opinion. With the objections was filed a report of the evidence.

*J. Hilliard*, for respondent.

*Rowe & Bartlett*, for plaintiff.

SHEPLEY, C. J. — It appears from recitals contained in the bill, that the plaintiff claims to be the owner of a brick store and of one-half of a wharf in the city of Bangor, and to have acquired a title thereto by purchase from the assignee in bankruptcy of L. J. Perley.

That the defendant claimed to be the owner of the same estates; that L. J. Perley held two notes against the plaintiff and another person; that a suit was commenced upon them in the name of the defendant, judgment recovered, and an execution issued thereon was satisfied by a levy upon these estates on January 6, 1843. The bill alleges, that although the judgment was recovered in the name of the defendant, he was not the owner of the notes; that L. J. Perley was the owner of them, and that all property in them passed to his assignee in bankruptcy.

The report states, that the other facts alleged in the bill were admitted or proved without controversy, and the contest was confined to the ownership of the notes and the validity of the proceedings in bankruptcy to vest title in the plaintiff.

The presiding Judge decided, that the judgment and all rights to the store and wharf, acquired by the levy, were the property of L. J. Perley; that they passed to his assignee, and from that assignee to the plaintiff.

Several objections are made to his decision and decree :—

1. That the defendant resides out of the State, and that this Court has no jurisdiction.

No such question appears to have been raised before the presiding Judge; and his report contains no facts out of which such a question could arise.

By the Act approved on April 9, 1852, all causes in equity are to be heard and determined at a term held for the trial of causes by a jury; and the Judge, when requested, is to "report the facts proved, and the questions of law therein arising, and his decision of the same; and his decree upon the premises." The party dissatisfied may remove the same by exceptions or report. When so removed, if the testimony be all reported, the court of law is not authorized to revise the decision of the presiding Judge upon the effect of that testimony, and to find the facts to be different. Nor to act upon any supposed state of facts not found and reported by him. Nor upon any question of law not arising out of the facts so found. The decree may be reversed or varied, or any other order or decree may be made, which may be required by the facts so found.

The first objection cannot therefore be entertained.

2. That the defendant had conveyed the premises to a third person, and that a decree to convey them to the plaintiff would be useless.

The report states, that the defendant on Nov. 1, 1845, conveyed the premises, without consideration, to Nathaniel Pickard, in secret trust; and that Pickard has conveyed

the bill, stated to have been admitted or proved, that the defendant had recovered a judgment against a tenant of the plaintiff occupying the wharf, and had commenced a suit against other tenants occupying the store, and had attempted to enforce them. The conveyances might not prevent the defendant from enforcing the judgment already obtained, or prevent his obtaining judgment in the other suit; for it might be too late to enter a plea, that he had conveyed to a third person. While the defendant is found attempting to enforce the rights of an owner, it may be proper to require him to release all his claims, that all contests about the estates may cease.

3. The third objection is in substance, that the Judge erred in finding the transfer of the notes from L. J. Perley to the defendant, as alleged in the answer, to have been fraudulent.

As already stated, the facts found by the Judge are conclusive; and from those facts, the alleged fraud is a just inference.

4. The fourth is in substance, that if there was fraud in the transfer of the notes, it was completed during the year 1838; that such transfer was valid between the parties, and that the assignee in bankruptcy would acquire no title to them. This might have been so, if the facts were as the position assumes.

The report of the Judge finds, that the defendant, as late as the year 1844, stated, that he "never owned the notes;" that he never knew, that a suit had been commenced upon them in his name, until after the levy was made. The Judge, therefore, found, that the judgment was the property of L. J. Perley, when he filed his petition to become a bankrupt.

5. That the sale by the assignee was illegal.

The report states, that "by this sale, which appears to have been duly licensed and conducted, and by subsequent conveyances," "the judgment and all rights to the store and wharf created by the extent" "passed to the plaintiff."

The report does not state any facts, from which this Court can come to a different conclusion. If counsel would have the accuracy of that conclusion, as matter of law, examined here, he should have had the facts reported, not the testimony tending to prove them. This Court cannot proceed to examine the testimony to ascertain the facts proved by it. *Exceptions overruled.*

TENNEY, HOWARD and APPLETON, J. J., concurred.